IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Personal Restraint of | ) | |
| | ) | No. 33734-1-III |
| TROY R. HOLWAY, | ) | |
| | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |
| | ) | |

KORSMO, J. — Troy Holway filed this personal restraint petition (PRP), challenging his counsel's advice concerning a plea offer. Although that advice was erroneous, it was not prejudicial. We deny the initial petition, but grant the amended petition and remand for resentencing due to an intervening case decision.

## FACTS

A jury convicted Mr. Holway on three counts of delivery of a controlled substance, heroin, and found that each offense occurred within a school zone. The court imposed concurrent base sentences of 60 months on each count, but ordered the three 24-month enhancements to run consecutively to each other and to the base sentence, resulting in a total sentence of 11 years in prison.

Prior to trial, the prosecutor had offered to allow a plea to a single count, with a range of 20-60 months, if the parties jointly asked for a 30-month sentence. Mr. Holway declined the offer. The prosecutor then threatened to add the sentencing enhancement to

each count unless Mr. Holway pleaded guilty to all three counts for a joint 60-month recommendation. He again declined the offer. After the jury returned its verdicts and the trial court imposed the noted 11-year sentence, Mr. Holway appealed to this court. We affirmed the convictions and sentence by an unpublished opinion. *State v. Holway*, No. 32046-4-III (Wash. Ct. App. Jan. 29, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/320464.unp.pdf.

Mr. Holway, proceeding pro se, subsequently filed this petition. It was supported by his trial counsel's affidavit stating he had erroneously advised his client that the three enhancements would each be 12 months and would be served consecutively. Mr. Holway sought to have a new trial or receive the 60-month sentence previously proposed by the prosecutor before trial. After the prosecutor filed a response arguing that the petition was without merit, but that Mr. Holway was entitled to relief under an intervening case if he timely amended his petition, this court appointed counsel for Mr. Holway. The petition was amended to ask for resentencing as an alternative to the relief originally sought.

A panel considered the petition without argument.

ANALYSIS

The intervening decision establishes Mr. Holway's entitlement to relief, but also shows the error of his initial petition. After briefly considering the standards governing this petition, we will turn to the amended petition and then the original petition.

2

The standards governing review of a PRP are well settled. The burdens imposed on a petitioner in a PRP are heavy. Because of the significant societal costs of collateral litigation often brought years after a conviction and the need for finality, relief will only be granted in a PRP if there is constitutional error that caused substantial actual prejudice or if a nonconstitutional error resulted in a fundamental defect constituting a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). It is the petitioner's burden to establish this "threshold requirement." *Id.* To do so, a PRP must present competent evidence in support of its claims. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). If the facts alleged would potentially entitle the petitioner to relief, a reference hearing may be ordered to resolve the factual allegations. *Id.* at 886-887. A petitioner may not renew an issue that was addressed and rejected on direct appeal unless the interests of justice require reconsideration of that issue. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013).

RCW 69.50.435(1)(c) and (d) provide an additional penalty for those, like Mr. Holway, who sell drugs within 1,000 feet of a school or school bus stop. One aspect of that penalty is found in RCW 9.94A.533(6), which requires in part that 24 months "shall be added to the standard sentence range" for violating RCW 69.50.435 and that the enhancement "shall run consecutively to all other sentencing provisions." Although both of the quoted sections of § 533(6) are at issue in this case, only the consecutive nature of

the penalty was at issue in the controlling case of *State v. Conover*, 183 Wn.2d 706, 355 P.3d 1093 (2015).

There the defendant, as in this case, had been convicted of three counts of delivering heroin within 1,000 feet of a school bus stop, leading to the imposition of 72 months of enhancements to the base sentence of 48 months. *Id.* at 707. Considering the language of § 533(6) and its earlier decision in *In re Charles*, 135 Wn.2d 239, 955 P.2d 798 (1998), the *Conover* court determined that the enhancements could run concurrently to each other if the base sentences did. 183 Wn.2d at 707-708, 712-719. The case was remanded for resentencing. *Id.* at 719.

The parties agree that *Conover* requires at least the same result in this case. We, too, agree that a resentencing is required by *Conover*. The remaining question, argued by Mr. Holway from his original pro se petitions, is whether he is entitled to a new plea agreement. That argument fails on the facts of this case.

In the plea bargaining context, an attorney renders ineffective assistance when a defendant rejects a plea offer on the basis of erroneous advice from his counsel and is thereby prejudiced. *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398, 407 (2012). The defendant must show that he would have accepted the offer and that it would not have been withdrawn by the prosecutor. *Id.* One potential remedy within the

4

trial court's discretion is to require the prosecutor to reoffer the plea agreement. *Id.* at 412. That remedy is at issue here.[1]

We reject that request because the petition has not established that the 60-month offer would have been accepted if counsel had given correct advice. Defense counsel erroneously advised Mr. Holway that he faced a 96-month sentence (60-month base plus three consecutive 12-month enhancements) rather than the 84-month sentence (60-month base plus concurrent 24-month enhancements) dictated by *Conover*. Mr. Holway rejected the 60-month offer when he thought he was facing a 96-month sentence. It strains credulity to believe that he would have accepted the 60-month offer if he had been correctly advised that he only faced an 84-month sentence after trial rather than the longer sentence erroneously identified by his counsel. On this basis we conclude Mr. Holway has not met his heavy burden of establishing that he would have accepted the offer if his counsel had given correct advice in the first instance.[2] The argument of the initial petition is rejected.

---

[1] Although the original petition requested a new trial, that remedy was not supported by any relevant argument and flies in the face of the fact that Mr. Holway already received a trial after rejecting the offer. We do not otherwise consider the argument.

[2] We also note that Mr. Holway did not file an affidavit indicating that he in fact would have accepted the offer if he had known of the true consequences. The PRP makes the *argument* that he would have accepted the offer, but no *evidence* was presented to support the claim. However, the prosecutor does not contest this point and we do not rely on the absence of such evidence in this decision.

5

No. 33734-1-III
*In re Holway*

We grant the amended petition and remand for resentencing in accordance with *Conover*.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

6