# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48548-6-II |
| Respondent, | |
| v. | |
| DANIEL CHRISTOPHER MILLER, JR., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Daniel Christopher Miller Jr. appeals the sentence for his unlawful possession of a controlled substance conviction. Miller argues that the trial court erred by ordering the sentence for his unlawful possession of a controlled substance conviction to run consecutive to the other sentence for his unlawful possession of a firearm convictions. We hold that the trial court erred when it ordered Miller's sentences to run consecutively because RCW 9.94A.589(1)(a) requires sentences for current offenses to run concurrently unless RCW 9.94A.535 is complied with. The trial court did not comply with RCW 9.94A.535 when it imposed the consecutive sentence. Therefore, we reverse and remand for resentencing.

FACTS

On August 11, 2015, Miller was charged with three counts of unlawful possession of a firearm. Miller pleaded guilty to these offenses, but sentencing was continued.

Before Miller was sentenced on the unlawful firearm possession convictions, Miller was charged with one count of unlawful possession of a controlled substance. Miller pleaded guilty to the controlled substance possession charge on November 4.

The trial court sentenced Miller on the three unlawful possession of a firearm convictions and the unlawful possession of a controlled substance conviction that same day. The trial court accepted the recommended sentence for his firearm convictions, but it denied the recommendation that the sentence for his unlawful possession of a controlled substance conviction run concurrent to his sentence for the firearm convictions.

The trial court ordered Miller's sentence for the unlawful possession of a controlled substance conviction to run consecutive to his sentence for the three unlawful possession of a firearm convictions. The trial court stated that:

> [T]he reason I'm doing that is that I don't like this manipulation of the system here so that Mr. Miller, who has now committed seven or eight or nine felonies, gets the very bottom of the range on both of them. And if I go along with the prosecutor's recommendation, that would be essentially adding a point. That's all that would happen. So I'm not going to let that happen.
>
> . . . .
>
> Well, I think [concurrent sentencing] is optional, and if we're going to manipulate this so that, oh, well, we're going to go do this on a different day—or on the same day in order to avoid that, that doesn't make any sense to me either.

No. 48548-6-II

. . .

> . . . [T]he way this has been manipulated in my view is that this new crime doesn't count as a current offense and you get no—for the other offense and you get no punishment for a felony offense if [defense counsel] is correct. And that kind of manipulation is just not right.

VRP at 12-14. Miller appeals his sentence.

## ANALYSIS

### A. STANDARD OF REVIEW

Statutory interpretation is a question of law that we review de novo. *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015). Our primary objective is to carry out the legislature's intent. *State v. Young*, 125 Wn.2d 688, 694, 888 P.2d 142 (1995). Intent is determined by looking at the statutory language. *Id.*

### B. CONCURRENT VS. CONSECUTIVE SENTENCING

Miller argues that the trial court erred when it ordered the sentence for his unlawful possession of a controlled substance conviction to run consecutively with the sentence for his three unlawful possession of a firearm convictions. We agree.

With a few exceptions not applicable here, sentences for two or more current offenses shall be served concurrently and "[c]onsecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." RCW 9.94A.589(1)(a). Under RCW 9.94A.535, a trial court may impose an exceptional sentence if "there are substantial and compelling reasons justifying an exceptional sentence." In such a case, the trial court must "set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535.

Our Washington Supreme Court has stated that "[w]hile the SRA does not formally define 'current offense,' the term is defined functionally as convictions entered or sentenced on the same day." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 507, 301 P.3d 450 (2013). In this case, Miller's offenses fall squarely into this situation. Miller pleaded guilty to three counts of unlawful possession of a firearm, but sentencing was continued. Miller then pleaded guilty to one count of unlawful possession of a controlled substance on November 4, before Miller was sentenced on the firearm possession convictions. The trial court sentenced him for both the firearm and controlled substance convictions on the same day. Because Miller was sentenced on the same day for the firearm and controlled substances convictions, they constitute current offenses. Therefore, we hold that Miller's firearm and controlled substance offenses were current offenses.

Because Miller's firearm and controlled substance convictions were current offenses, the trial court was required to impose concurrent sentences for those convictions unless the exceptional sentence provisions of RCW 9.94A.535 were followed. RCW 9.94A.589(1)(a). Under RCW 9.94A.535, the trial court must find "substantial and compelling reasons justifying an exceptional sentence" and "set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535. The trial court did not do so here. Thus, RCW 9.94A.589(1)(a) requires Miller's sentences to be served concurrently.

C.    RCW 9.94A.589(3) NOT APPLICABLE

The State argues that the trial court had the discretion to sentence the firearm and controlled substances convictions consecutively under RCW 9.94A.589(3). We disagree.

4

No. 48548-6-II

> RCW 9.94A.589(3) states:
>
> Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

If RCW 9.94A.589(3) applies, the sentencing court has discretion to impose a consecutive sentence. *State v. Smith*, 74 Wn. App. 844, 851, 875 P.2d 1249 (1994), *review denied*, 125 Wn.2d 1017 (1995).

Here, Miller's conduct resulting in his unlawful possession of a controlled substance conviction was committed before he was sentenced for unlawful possession of a firearm convictions. If the two convictions had been sentenced on separate days, the trial court would have had the discretion under RCW 9.94A.589(3) to order that the sentences be served consecutively. However, Miller's two convictions were sentenced on the same day and, therefore, were current offenses under RCW 9.94A.525(1). RCW 9.94A.589(3) expressly states that it is "subject to" RCW 9.94A.589(1), and subsection (1) provides that sentences for current offenses must be run concurrently unless the trial court follows the procedures for an exceptional sentence. *Smith*, 74 Wn. App. at 852 n.5. Therefore, RCW 9.94A.589(1) controls, not RCW 9.94A.589(3), and the State's argument fails.

5

No. 48548-6-II

We hold that the trial court erred when it ordered Miller's sentence for his unlawful possession of a controlled substance conviction to run consecutive to the sentence for his unlawful possession of a firearm convictions. Accordingly, we reverse and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, A.C.J.

_____
Melnick, J.