# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of<br>the Personal Restraint of<br><br>JONATHAN LEVI DUNN, | No.  49891-0-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Jonathan Dunn seeks relief from personal restraint resulting from his 2013 convictions for two counts of unlawful possession of a controlled substance with intent to deliver, each with school bus route stop and firearm sentencing enhancements, two counts of unlawful possession of a controlled substance, one count of unlawful possession of marijuana, and one count of unlawful possession of a firearm in the first degree.[1]  We grant the petition in part and deny the remainder.

First, Dunn argues that the trial court abused its discretion "in giving Petitioner an exceptional sentence for a prior possession charge that included a non-existent firearm conviction."  Personal Restraint Pet. at 6.  But Dunn received a standard range sentence.  We assume that he is referring to his firearm sentencing enhancements.

---

[1] We issued the mandate of Dunn's direct appeal on November 17, 2015, making his November 17, 2016 petition timely filed.  RCW 10.73.090(3)(b).

Under RCW 9.94A.533(3)(b), if an offender was armed with a firearm during the commission of a class B felony, the trial court is required to impose an additional three years of confinement, consecutive to the base sentence and other firearm enhancements. But if the offender has a prior conviction that had a deadly weapon enhancement, then the current firearm enhancement is doubled under RCW 9.94A.533(3)(d).

Dunn has a prior conviction for first degree robbery that had a deadly weapon enhancement. In that case, the deadly weapon was a knife. Dunn appears to think that the doubling statute applies only if the prior conviction was for a crime committed with a firearm. He is mistaken. The doubling statute applies whether the deadly weapon was a firearm or something other than a firearm.

Second, Dunn argues that he received ineffective assistance of counsel when his counsel did not argue the above issue in the trial court. But he shows no deficient performance; therefore, he does not show ineffective assistance of counsel. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Third, Dunn argues that the trial court erred in running his two 24-month school bus route stop sentence enhancements consecutive to each other. The State concedes that to the extent it believed it was required by RCW 9.94A.533(6) to run the school bus route stop sentence enhancements consecutive to each other, it was mistaken. *State v. Conover*, 183 Wn.2d 706, 718-19, 355 P.3d 1093 (2015). We accept the State's concession and remand for resentencing under *Conover*.

Fourth, Dunn argues that the prosecutor engaged in misconduct when it did not provide photographs, which he believes were exculpatory, until the morning of trial. But Dunn did not

object to the late disclosure of the photographs or seek a continuance because of the late disclosure. Dunn does not meet his burden of showing prosecutorial misconduct.

Finally, Dunn argues that he received ineffective assistance of counsel when his counsel did not interview police witnesses, examine the truck where the evidence was seized, or interview a defense witness until the last minute. We strongly presume that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). Dunn does not demonstrate that his counsel engaged in these actions, the results of his trial probably would have been different. Thus, he does not demonstrate that he received ineffective assistance of counsel. *McFarland*, 127 Wn.2d at 335-36.

We grant Dunn's petition in part and remand to the trial court for resentencing as to the school bus route stop enhancements. In all other regards, we deny the petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

WORSWICK, J.

MAXA, A.C.J.

3