IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 79092-7-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WILLIAM MANESS BRYAN, | |
| Respondent. | FILED: March 11, 2019 |

CHUN, J. — In April 2015, the trial court sentenced William Bryan to a base sentence of 72 months with two 24-month school bus zone enhancements to run consecutively to the base count and each other. Later that year, the Supreme Court decided State v. Conover, 183 Wn.2d 706, 355 P.3d 1093 (2015), holding that such enhancements run consecutively to the base sentence but concurrently with each other unless the court imposes an exceptional sentence.

In 2017, Bryan, without a lawyer, filed a motion for the court to correct his judgment and sentence pursuant to Conover. The trial court held a resentencing in which it ran the enhancements concurrently, but raised Bryan's base sentence to 96 months such that his total sentence remained unchanged. Bryan appeals. He claims the trial court exceeded its authority by raising his base sentence, and he takes issue with the imposition of court costs and a DNA fee. We remand the

judgment and sentence to strike the court costs and DNA collection fee, but affirm the sentence in all other respects.

I.
BACKGROUND

Between October and November 2014, Cowlitz County officers used a confidential informant to conduct three controlled buys of methamphetamine from Bryan. Two of the controlled buys occurred within 1,000 feet of a school bus stop.

On March 19, 2015, the State filed an amended information charging Bryan with two counts of Delivery of a Controlled Substance with a School Bus Stop Enhancement, one count of Delivery of a Controlled Substance, and one count of Possession of a Controlled Substance with Intent to Deliver.

That same day, Bryan pleaded guilty to all the charges. The State recommended a base sentence of 72 months with two 24-month enhancements for a total of 120 months. Bryan requested a drug offender sentencing alternative (DOSA) sentence. The court requested a presentence investigation and continued the sentencing to April 23, 2015.

On April 23, 2015, the court followed the State's recommendation and sentenced Bryan to 72 months with two 24-month enhancements to run consecutively to each other. The court additionally imposed a $100 DNA fee and $350 in court costs.

On August 13, 2015, the Washington Supreme Court decided Conover, which clarified that the statute providing for the school bus stop enhancements

2

(RCW 9.94A.533(6)) "requires the trial court to run [the defendant]'s bus stop enhancements consecutively to the base sentences . . . but not consecutively to each other." 183 Wn.2d at 719. The enhancements may run consecutively to each other only as part of an exceptional sentence. Conover, 183 Wn.2d at 713-14.

A year and a half later, Bryan, acting without a lawyer, filed a Motion to Clarify and/or Correct Judgment and Sentence on January 30, 2017. The motion asked the court "to consider a concurrent sentence on the 2-two School Bus Route Enhancement sentence's [sic]." The motion further argued, "A remand for re-sentencing is required because the sentence exceeds the Court's statutory authority."

The court held a hearing on the motion on April 10, 2017. Bryan's counsel stated, "Mr. Bryan through me will be requesting that your Honor simply run these sentences concurrent for a total sentence of 96 months. I do not believe based on the case law that I provided that this warrants an entire resentencing." The State contended the court needed to conduct a full resentencing. When the court noted Bryan had requested a resentencing in his motion, Bryan's attorney asserted "resentencing" was a term of art that Bryan used incorrectly and reiterated the situation did not warrant a resentencing. The court decided to conduct a resentencing.

On May 8, 2017, the court held the resentencing. The court stated that it believed a 120-month sentence remained appropriate.[1] As such, the court increased Bryan's base sentence to 96 months and ran the two 24-month sentence enhancements concurrently. The court continued to impose a $100 DNA fee and $350 in court costs.

Bryan appeals.

## II.
## ANALYSIS

Bryan claims the trial court erred by resentencing him because his motion only requested a ministerial correction of his judgment and sentence. The State argues a resentencing was required to correct the facially invalid judgment. The trial court did not err in its resentencing of Bryan.

"A judgment and sentence is facially invalid if the trial court lacked authority to impose the challenged sentence." In re Snively, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014). Erroneous sentences require a resentencing. Brooks v. Rhay, 92 Wn.2d 876, 877, 602 P.2d 356 (1979).

---

[1] Specifically, the court told Bryan:

So when I look at your case and I remember when it was coming through the first time and I look at the documents again this time around and I gave you a sentence that I thought was appropriate at the time based on the history you had. You had an offender score of nine coming into this thing. So you've had at least nine opportunities to figure out the change, to do something different.

And I don't know how long he's been in prison on those, but maybe this is what you need is [sic] some time to think about it. So the plea agreement was for 120 months. That's what I intend to do. I thought it was appropriate, and the way I did it was the way I did it in order to get there, so I'm inclined to make the change for the 96 plus the 24. So that's what I'll do. So I'm not going to change the sentence essentially. It is what it is, and then we'll just change the paperwork to match it.

4

In Conover, our Supreme Court decided the school bus stop enhancement statute does not require trial courts to run enhancements on different counts consecutively to each other. 183 Wn.2d at 708. Instead, when multiple offenses carry such an enhancement, the court looks to RCW 9.94A.589(1)(a) to determine how the enhancements should run. Conover, 183 Wn.2d at 708. Under the statute, enhancements run concurrently unless the court imposes an exceptional sentence. Conover, 183 Wn.2d at 716 n.5.

Here, at the first sentencing, the court did not impose an exceptional sentence. Therefore, RCW 9.94A.589(1)(a) required the court to impose the two school bus stop enhancements concurrently. Instead it imposed the enhancements consecutively. This error required a resentencing. A resentencing court maintains broad discretion to resentence on all counts. State v. Toney, 149 Wn. App. 787, 792, 205 P.3d 944 (2009)

Bryan claims several unpublished opinions demonstrate that courts correcting sentencing errors under Conover may correct only the imposition of the consecutive enhancements. Bryan mischaracterizes these cases. Each of these cases were remanded to the trial court for resentencing. See State v. Roark, No. 46015-7-II, slip op. at 2 (Wash. Ct. App. Sept. 9, 2015) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2046015-7-II%20%20Unpublished%20Opinion.pdf ("remand for resentencing with instructions to the trial court to impose [defendant's] multiple school zone sentence enhancements consecutive to the base sentences for the drug and bail jumping convictions, but concurrent to each other"); In re Pers. Restraint of Dunn,

No. 49891-0-II, slip op. at 3 (Wash. Ct. App. Nov. 7, 2017) (unpublished) http://www.courts.wa.gov/opinions/pdf/D2%2049891-0-II%20Unpublished%20Opinion.pdf ("remand to the trial court for resentencing as to the school bus route stop enhancements"); and State v. Haller, No. 75040-2-I, slip op. at 14 (Wash. Ct. App. Jun. 27, 2016) (unpublished) http://www.courts.wa.gov/opinions/pdf/750402.pdf ("remand for resentencing to correct this error"). Even in Conover, it was clear that the remand was not merely for the correction of a ministerial error, but for "resentencing with instructions to use RCW 9.94A.589 to determine whether the multiple 24-month sentence enhancements run concurrently or consecutively with each other." 183 Wn.2d at 708. Contrary to Bryan's argument, the fact that that a court remands for resentencing with instructions does not limit the resentencing to the mere correction of a ministerial error. Toney, 149 Wn. App. at 792 (stating the Court "unequivocally" remanded for resentencing when the court included instructions with the order to resentence).

Bryan further argues his motion restricted the court from reconsidering his base sentence because he only asked for a correction to the enhancements. Bryan cannot avoid resentencing and restrict the broad discretion of the court to correct sentencing issues under Conover by limiting his motion to a correction of a ministerial error. Even so, though he claims he intended to request only a correction, Bryan moved for resentencing. See State v. Bebb, 108 Wn.2d 515, 524, 740 P.2d 829 (1987) (noting courts hold pro se litigants to the same

6

standards as attorneys). The trial court did not err by adjusting Bryan's base sentence during the resentencing.

Finally, Bryan argues the trial court erred by imposing discretionary fees, including a $100 DNA fee and $350 in court costs. The State concedes that because Bryan was indigent at the time of sentencing and his DNA has previously been collection as a result of a prior felony conviction, these legal financial obligations should be stricken. We accept the State's concession.

We remand to strike the courts costs and DNA collection fee from the judgment and sentence. And we affirm the sentence in all other respects.

_____
Chun, J.

WE CONCUR:

_____          _____