# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55274-4-II |
| Respondent, | |
| v. | |
| JOHNNY RAY CYR, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Johnny R. Cyr appeals his sentence for three counts of sale of heroin for profit, arguing that his standard sentencing range should not have been doubled under RCW 69.50.408[1] because he did not have a qualifying prior conviction.  We conclude that the sentencing court properly doubled Cyr's standard sentencing range.  Therefore, we affirm Cyr's sentence.

## FACTS

On July 24, 2017, Cyr pleaded guilty to three counts of sale of heroin for profit.  Cyr's criminal history includes a conviction for possession of marijuana—40 grams or less and attempted

---

[1] Former RCW 69.50.408 (2003) is the version of the statute in effect at the time of Cyr's sentencing.  The new version of the statute has no substantive changes and only replaces the term marihuana with cannabis. LAWS OF 2022, ch. 16, § 89.  Accordingly, we cite to the current version of the statute in this opinion.

possession of an imitation controlled substance under RCW 69.52.030.[2,3]  The State argued that Cyr's prior conviction for possession of an imitation controlled substance triggered the doubling provision of RCW 69.50.408.[4]  Cyr disagreed and argued that attempted possession of an imitation controlled substance was not a prior conviction under chapter 69.50 RCW.

The superior court ruled the conviction for attempted possession of an imitation controlled substance was a conviction under any statute of any state relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs as required by RCW 69.50.408(2).  Therefore, Cyr's standard sentencing range was 68-100 months.  The superior court imposed a standard range sentence of 75 months on each count to be served concurrently.

Cyr appeals.[5]

---

[2] Former RCW 69.52.030 (1983) is the version of the statute in effect at the time of Cyr's sentencing for this prior conviction.  The new version of the statute has no substantive changes affecting this opinion.  Accordingly, we cite to the current version of this statute in this opinion.

[3] RCW 69.52.030(1) provides: "It is unlawful for any person to manufacture, distribute, or possess with intent to distribute, an imitation controlled substance.  Any person who violates this subsection shall, upon conviction, be guilty of a class C felony."

[4] RCW 69.50.408 provides:

> (1) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
> (2) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his or her conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs.
> (3) This section does not apply to offenses under RCW 69.50.4013.

[5] Cyr also argued on appeal that the sale of a controlled substance for profit under RCW 69.50.410 was unconstitutional.  However, Cyr withdrew the argument following our Supreme Court's

ANALYSIS

A.    CONVICTION FOR POSSESSION OF MARIJUANA—40 GRAMS OR LESS

Cyr argues on appeal that his prior conviction for possession of marijuana—40 grams or less under former RCW 69.50.4014 (2003) cannot be a prior offense trigger the doubling provisions of RCW 69.50.408.  The State concedes that Cyr's prior conviction for possession of marijuana is facially invalid and, therefore, cannot be a prior offense for the purposes of RCW 69.50.408.  We agree.

In *A.L.R.H*, we held that former RCW 69.50.4014 was unconstitutional based on our Supreme Court's opinion in *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).  *State v. A.L.R.H.*, 20 Wn. App. 2d 384, 387, 500 P.3d 188 (2021).  A prior conviction based on a constitutionally invalid statute is invalid on its face and may not be considered during a sentencing proceeding.  *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986).  Accordingly, we accept the State's concession that Cyr's prior conviction for possession of marijuana—40 grams or less under former RCW 69.50.4014 may not be used to double the standard range for the purposes of RCW 69.50.408.

B.    CONVICTION FOR ATTEMPTED POSSESSION OF AN IMITATION CONTROLLED SUBSTANCE

Cyr next argues that a conviction for attempted possession of an imitation controlled substance cannot be a prior offense triggering the doubling provision of RCW 69.50.408.  We disagree.

---

opinion in *State v. Peterson*, 198 Wn.2d 643, 658, 498 P.3d 937 (2021), holding that RCW 69.50.410 is constitutional.

We review issues of statutory interpretation de novo. *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015). In interpreting statutes, we must determine the legislature's intent. *Id*. Legislative intent is determined from the text of the statutory provision in question, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. *Id*. "'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *State v. Roggenkamp*, 153 Wn.2d 614, 624, 106 P.3d 196 (2005) (internal quotation marks omitted) (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)). "[W]e presume the legislature does not intend absurd results and, where possible, interpret ambiguous language to avoid such absurdity." *State v. Ervin*, 169 Wn.2d 815, 823-24, 239 P.3d 354 (2010).

Only if the statute is ambiguous do we use statutory construction, legislative history, and relevant case law to help discern the legislative intent. *Id.* at 820. A statute is ambiguous if it is susceptible to more than one reasonable interpretation. *Id*.

RCW 69.50.408(2) doubles an offender's standard range sentence "if, prior to his or her conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs." The issue here is whether a conviction for attempted possession of an imitation controlled substance under RCW 69.52.030 is a conviction under "any statute of the United States or of any state relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2).[6]

---

[6] Cyr also argues that his attempted possession of an imitation controlled substance conviction is not a prior conviction "under this chapter [69.50 RCW]" because the crime of is codified under

4

Cyr argues that "any state" in the clause "any statute of the United States or of any state" should be interpreted to mean "'any [other] state.'" RCW 69.50.408(2); Supp. Br. of Appellant at 4. But the legislature did not use the language "any other state." Rather, the legislature used the language "any state." Any state would include the state of Washington. Interpreting the language in RCW 69.50.408 to mean "any [other] state," requires reading language into the statute that the legislature chose not to include and, therefore, would not be a reasonable interpretation.

This interpretation does not render the language referencing convictions "under this chapter [69.50 RCW]" superfluous or redundant as Cyr suggests. RCW 69.50.408(2). Most state statutes relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs exist in chapter 69.50 RCW; however, other Washington state statutes codify unlawful drug activity that could qualify as a conviction relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs. *See, e.g.*, RCW 69.41.030; RCW 69.51A.240; RCW 69.53.010. Thus, the legislature likely intended the language "convicted under this chapter [69.50 RCW] or under any statute . . . of any state relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs" to account for Washington State convictions relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs not codified in 69.50 RCW. RCW 69.50.408(2).

---

chapter 69.52 RCW. RCW 69.50.408(2). The State does not dispute that Cyr's attempted possession of an imitation controlled substance conviction is not a conviction under chapter 69.50 RCW, but instead argues that the conviction qualifies under the clause "any statute of the United States or of *any state* relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2) (emphasis added). We agree that Cyr's attempted possession of an imitation controlled substance conviction is not a conviction under chapter 69.50 RCW, and that the issue is whether the conviction is a conviction under "any statute of the United States or of *any state* relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs." RCW 69.50.408(2) (emphasis added).

Next, Cyr argues that attempted possession of imitation controlled substances cannot be a prior conviction under RCW 69.50.408(2) because imitation controlled substances are not narcotic drugs, cannabis, depressant, stimulant or hallucinogenic drugs. Under RCW 69.52.020(3), an imitation controlled substance is "a substance that is not a controlled substance, but which by appearance or representation would lead a reasonable person to believe that the substance is a controlled substance." "Controlled substance" in RCW 69.52.020 has the same definition as in chapter 69.50 RCW. RCW 69.52.020(1). Controlled substances as defined in chapter 69.50 RCW include narcotic, depressant, stimulant, and hallucinogenic drugs. *See* RCW 69.50.101(g); RCW 69.50.204, .206, .208, .210, .212. Although imitation controlled substances are not per se controlled substances, RCW 69.50.408 simply requires that the statute *relate* to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs. Relate means "to show or establish a logical or causal connection between" two things. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1916 (2002).

There is a logical connection between imitation controlled substances under chapter 69.52 RCW and controlled substances under chapter 69.50 RCW because imitation controlled substances are substances that are intended to lead a reasonable person to believe that they are controlled substances. RCW 69.52.020(3). And because controlled substances are narcotic, depressant, stimulant, or hallucinogenic drugs, there is a logical relationship between imitation controlled substances and narcotic, depressant, stimulant, or hallucinogenic drugs. Therefore, RCW 69.52.030—prohibiting possession of imitation controlled substances—is a statute *relating to* narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs as required by RCW 69.50.408.

No. 55274-4-II

Because RCW 69.52.030 is a statute of any state relating to narcotic drugs, cannabis, depressant, stimulant, or hallucinogenic drugs, the sentencing court properly doubled Cyr's standard sentencing range based on his prior conviction for attempted possession of an imitation controlled substance. Accordingly, we affirm Cyr's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Veljacic, J.

Price, J.