## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>BOYD KEITH STACY,<br><br>           Petitioner. | No. 56110-7-II<br><br>UNPUBLISHED OPINION |

LEE, J. — Boyd K. Stacy filed a personal restraint petition (PRP), seeking relief from personal restraint imposed following his 2019 plea of guilty to one count of unlawful possession of a controlled substance and two counts of bail jumping committed while charged with unlawful possession of a controlled substance. Stacy argues that under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021),[1] he is entitled to have all three convictions vacated. The State concedes that under *Blake*, Stacy is entitled to have the conviction for unlawful possession of a controlled substance vacated. However, the State argues the invalidation of the conviction for unlawful possession of a controlled substance does not affect the validity of the bail jumping convictions.

We grant Stacy's PRP in part and deny in part. Because a bail jumping conviction remains even if the underlying criminal charge is dismissed, Stacy is not entitled to relief with regard to the bail jumping convictions. With regard to the unlawful possession of a controlled substance conviction, we vacate that conviction and remand to the superior court to dismiss the unlawful possession of a controlled substance charge with prejudice.

---

[1] *Blake* held that former RCW 69.50.4013(1) (2017), the statute making possession of a controlled substance illegal, was unconstitutional. 197 Wn.2d at 195.

FACTS

On May 14, 2019, Stacy pleaded guilty to one count of unlawful possession of a controlled substance and two counts of bail jumping. Stacy's bail jumping charges were based on his failure to appear for hearings related to the unlawful possession of a controlled substance charge. Stacy's offender score was 32, resulting in a standard range for the bail jumping convictions of 51-60 months. The trial court sentenced Stacy to 51 months total confinement.

On May 13, 2021, Stacy filed the current PRP seeking relief from his convictions.

ANALYSIS

To be entitled to relief in a PRP, the petitioner must show either (1) a constitutional error resulting in actual and substantial prejudice, or (2) "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). When reviewing a PRP, we may (1) deny the petition, (2) grant the petition, or (3) transfer the petition to the superior court for a reference hearing. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013); *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015).

A.     UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE CONVICTION

Stacy argues that his conviction for unlawful possession of a controlled substance is unconstitutional. The State concedes that Stacy's conviction for possession of a controlled substance should be vacated. We agree.

In *Blake*, our Supreme Court held that former RCW 69.50.4013(1) (2017), the statute criminalizing simple possession of a controlled substance, was unconstitutional. 197 Wn.2d at 186. Therefore, we accept the State's concession and vacate Stacy's conviction for unlawful possession of a controlled substance.

B.    BAIL JUMPING CONVICTIONS

Stacy also argues that his bail jumping convictions must be vacated because they are based on the unconstitutional unlawful possession of a controlled substance charge. The State asserts that Stacy's bail jumping convictions are unaffected by the constitutionality of the unlawful possession of a controlled substance charge. We agree with the State.

In *State v. Downing*, the court held that a charge of bail jumping may stand even if the underlying charge is invalid. 122 Wn. App. 185, 192-93, 93 P.3d 900 (2004). The court explained:

> [T]he fact that the court later dismissed the charges does not mean that it lacked jurisdiction to order Downing to appear and answer for those charges, even if his answer could have been that double jeopardy barred further prosecution. . . .
>
>     . . . [T]he State is not required to prove that a defendant was detained under a constitutionally valid conviction.

*Id.* at 193. The court noted that the invalidity of the underlying offense is not a defense to escape and rejected the "argument that the validity of the underlying offense is an implied element of the crime of bail jumping." *Id.*

Further, under former RCW 9A.76.170 (2001), a person was guilty of bail jumping if they were released by court order or on bail "with knowledge of the requirement of a subsequent personal appearance before any court" and failed to appear. We review issues of statutory interpretation de novo. *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015). In interpreting statutes, our goal is to determine the legislature's intent. *Id.* Legislative intent is determined from the text of the statute. *Id.*

The former bail jumping statute does not contain any element that the underlying charge be constitutional or valid. As *Downing* recognized, the fact that the unlawful possession of a controlled substance charge was later determined to be unconstitutional did not mean that the

superior court lacked authority to order Stacy to appear and answer the charge. *See Downing*, 122 Wn. App. at 193. Because the validity or constitutionality of the underlying charge is not an essential element of bail jumping, we reject Stacy's argument that his bail jumping convictions must be vacated because the underlying unlawful possession of a controlled substance conviction is unconstitutional under *Blake.*

Finally, Stacy argues that because his conduct would not be criminal under the 2020 amendments to the bail jumping statute, this court should vacate his bail jumping convictions. However, Stacy does not argue that the legislative amendments to the bail jumping statute should be applied retroactively. Arguments unsupported by argument or authority do not warrant consideration by this court. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).[2] Therefore, we do not consider the 2020 legislative amendments applicable to Stacy's convictions.

## CONCLUSION

Because a bail jumping charge remains even if the underlying criminal charge is dismissed, Stacy is not entitled to relief with regard to the bail jumping convictions. However, Stacy is entitled to relief on his challenge to the unlawful possession of a controlled substance conviction, and we vacate that conviction. Therefore, we deny Stacy's PRP in part, grant in part, and remand

---

[2] Even if we considered Stacy's argument regarding the 2020 amendments to the bail jumping statute, the amendments do not apply retroactively. Under RCW 10.01.040, the criminal statute in effect at the time of conduct applies unless there is express legislative intent for an amendment to apply retroactively. "[T]here is no clear legislative intent that the 2020 amendments to the bail jumping statute apply retroactively." *State v. Brake*, 15 Wn. App. 2d 740, 747, 476 P.3d 1094 (2020), *review dismissed*, 197 Wn.2d 1016 (2021) (holding that the 2020 amendments to the bail jumping statute are not retroactively applied). Therefore, former RCW 9A.76.170, the statute in effect at the time Stacy committed his offenses in July 2018 and January 2019, applies.

to the superior court to dismiss the unlawful possession of a controlled substance charge with prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Glasgow, C.J.

_____
Price, J.