2015 JUN 29 AM 10: 3


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71253-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ARASH HAMEDIAN, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 29, 2015 |

SCHINDLER, J. — The chapter governing access to juvenile records, chapter 13.50 RCW, states the official court file of a juvenile offender shall be open for public inspection unless the statutory requirements to seal are met under former RCW 13.50.050(12) (2012).[1] Former RCW 13.50.050(12)(b)(v) states the court shall not grant a motion to seal juvenile records for a class B or class C gross misdemeanor or misdemeanor unless "[f]ull restitution has been paid" to the victim. In 1997, the juvenile court found Arash Hamedian guilty of malicious mischief in the second degree and ordered payment of restitution to the victim. Hamedian appeals the October 2013 order denying the motion to seal his juvenile offender records. Hamedian contends that because the 1997 restitution order is no longer enforceable as a money judgment under

---

[1] LAWS OF 2012, ch. 177, § 2.

former RCW 13.40.192 (1997)[2] of the Juvenile Justice Act of 1977, he is entitled to an order sealing his juvenile records under former RCW 13.50.050(12)(b). While the restitution order is no longer enforceable as a money judgment under former RCW 13.40.192, the plain and unambiguous language of former RCW 13.50.050(12)(b)(v) clearly mandates payment of restitution in full as a condition precedent to obtaining an order to seal juvenile offender records. We affirm denial of the motion to seal.

In December 1996, the State charged 17-year-old Arash Hamedian in juvenile court with malicious mischief in the first degree. The State alleged that on September 6, 1996, Hamedian knowingly and maliciously caused damage in excess of $1,500 to a 1989 Ford Mustang.

On March 13, 1997, the juvenile court found Hamedian guilty of malicious mischief in the second degree. The court found Hamedian had the "present ability to pay" and ordered him to pay restitution to the owner of the Ford Mustang in the amount of $1,326.62.

Approximately 16 years later, Hamedian filed a motion to seal his juvenile offender records under former RCW 13.50.050(12)(b). Hamedian asserted he met the statutory requirements to seal except payment of restitution to the victim.[3] Hamedian stated that since his release, he spent two consecutive years in the community without committing any offense or crime and there were no criminal proceedings pending against him. Hamedian conceded he did not pay restitution in the amount of $1,326.62 but argued he was entitled to an order sealing his juvenile records because the

---

[2] LAWS OF 1997, ch. 121, § 7.
[3] There is no dispute Hamedian made only one payment of $59.75.

restitution order was no longer enforceable as a money judgment under former RCW 13.40.192.

The State opposed sealing his juvenile offender records. The State argued payment of restitution to the victim of a crime is an explicit purpose of the Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW, and the unambiguous language of the statute governing the motion to seal juvenile records states the court shall not grant the motion unless Hamedian paid full restitution.

The court denied the motion to seal. The October 2013 order states Hamedian "has not satisfied the requirements of [former] RCW 13.50.050 (11) and (12). Full restitution has not been paid ([former RCW] 13.50.050(12)(b)(v))." Hamedian appeals.

Hamedian contends that because the restitution order is no longer enforceable as a money judgment under former RCW 13.40.192, the court erred in denying the motion to seal his juvenile offender records under former RCW 13.50.050(12)(b)(v).

Interpretation of a statute is a question of law we review de novo. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). The fundamental goal of statutory interpretation is to ascertain and carry out the intent of the legislature. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). We look first to the plain language of the statute. Armendariz, 160 Wn.2d at 110. In determining the plain meaning of a statute based on statutory language, we look at the context of the statute, related provisions, and the statutory scheme as a whole. State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2005).

A statute must be interpreted and construed to give effect to the language used in the statute with no portion rendered meaningless or superfluous. State v. J.P., 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We assume the legislature means exactly what it says. State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). If the language of the statute is unambiguous, we "must give effect to that plain meaning as an expression of legislative intent." Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002); see also Armendariz, 160 Wn.2d at 110; Jacobs, 154 Wn.2d at 600.

It is the duty of the court to construe statutes in a manner that best fulfills legislative intent. State v. Bd. of Yakima County Comm'rs, 123 Wn.2d 451, 462, 869 P.2d 56 (1994). Statutes on the same subject must be read together to harmonize and give effect to the statutory scheme and maintain the integrity of the respective statutes. State v. Jones, 172 Wn.2d 236, 243, 257 P.3d 616 (2011).

Under former RCW 13.40.192, an order requiring a juvenile to pay restitution is enforceable as a money judgment for a period of 10 years from the date of imposition. Former RCW 13.40.192 states:

> **Legal financial obligations—Enforceability—Treatment of obligations upon age of eighteen or conclusion of juvenile court jurisdiction—Extension of judgment.** If a juvenile is ordered to pay legal financial obligations, including fines, penalty assessments, attorneys' fees, court costs, and restitution, the money judgment remains enforceable for a period of ten years. When the juvenile reaches the age of eighteen years or at the conclusion of juvenile court jurisdiction, whichever occurs later, the superior court clerk must docket the remaining balance of the juvenile's legal financial obligations in the same manner as other judgments for the payment of money. The judgment remains valid and enforceable until ten years from the date of its imposition. The clerk of the superior court may seek extension of the judgment for legal financial obligations, including crime victims' assessments, in the same manner as

RCW 6.17.020[4] for purposes of collection as allowed under RCW 36.18.190.

In In re Personal Restraint of Brady, 154 Wn. App. 189, 198, 224 P.3d 842 (2010), we held that absent a timely motion to extend, the restitution order is unenforceable as a money judgment after expiration of the 10-year time period.

The State concedes that the restitution order is no longer enforceable as a money judgment under former RCW 13.40.192 but asserts that under the plain and unambiguous language of former RCW 13.50.050(12)(b)(v), in order to obtain the benefit of an order sealing his juvenile records, Hamedian must pay full restitution to the victim.

Chapter 13.50 RCW governs the maintenance, access, and destruction of juvenile offender records. Former RCW 13.50.050(2) states the "official juvenile court file of any alleged or proven juvenile offender shall be open to public inspection, unless sealed pursuant to subsection (12) of this section." Former RCW 13.50.050(12) sets forth the mandatory conditions the offender must meet to obtain an order sealing juvenile records. Former RCW 13.50.050(12)(b) states the court "shall not grant any

---

4 RCW 6.17.020 provides, in pertinent part:

(3) [A] party in whose favor a judgment has been . . . rendered pursuant to subsection (1) or (4) of this section, or the assignee or the current holder thereof, may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment or to the court where the judgment was filed as a foreign judgment for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued. . . .

(4) A party who obtains a judgment or order for restitution, crime victims' assessment, or other court-ordered legal financial obligations pursuant to a criminal judgment and sentence, or the assignee or the current holder thereof, may execute, garnish, and/or have legal process issued upon the judgment or order any time within ten years subsequent to the entry of the judgment and sentence or ten years following the offender's release from total confinement as provided in chapter 9.94A RCW. The clerk of superior court, or a party designated by the clerk, may seek extension under subsection (3) of this section for purposes of collection as allowed under RCW 36.18.190, provided that no filing fee shall be required.

motion to seal records for class B, C, gross misdemeanor and misdemeanor offenses"

unless the following conditions are met:

> (i) Since the date of last release from confinement, including full-time residential treatment, if any, entry of disposition, or completion of the diversion agreement, the person has spent two consecutive years in the community without being convicted of any offense or crime;
>
> (ii) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;
>
> (iii) No proceeding is pending seeking the formation of a diversion agreement with that person;
>
> (iv) The person is no longer required to register as a sex offender under RCW 9A.44.130 or has been relieved of the duty to register under RCW 9A.44.143 if the person was convicted of a sex offense; and
>
> (v) <u>Full restitution has been paid.</u>[5]

The unambiguous language of former RCW 13.50.050(12)(b) clearly states the court "shall not" grant a motion to seal unless a juvenile meets the statutory conditions, including payment of full restitution. Use of the word "shall" emphasizes the mandatory nature of the statutory requirements that must be met to obtain an order sealing juvenile offender records. <u>Eubanks v. Brown</u>, 180 Wn.2d 590, 596 n.1, 327 P.3d 635 (2014). If the statutory conditions are not met, the court shall not grant the motion to seal. As a corollary, if the statutory conditions are met, the court has a " 'mandatory obligation to seal.' " <u>State v. S.J.C.</u>, 90355-7, slip op. at 16 (Wash. June 11, 2015) (quoting <u>State v. T.K.</u>, 139 Wn.2d 320, 331, 987 P.2d 63 (1999)).

We hold the plain language of former RCW 13.50.050(12)(b)(v) is an unambiguous expression of the legislative intent to require a juvenile offender to pay "[f]ull restitution" to the victim as a mandatory condition precedent to obtaining an order

---

[5] Emphasis added.

sealing juvenile offender records "for class B, C, gross misdemeanors and misdemeanor offenses."[6]

Our conclusion that full payment of restitution to the victim is a mandatory condition precedent to obtaining an order to seal juvenile offender records under former RCW 13.50.050(12)(b) is reinforced by recent legislative amendments.

In 2014, the legislature amended RCW 13.50.050 to add a new section for sealing hearings and sealing juvenile offender records. SECOND SUBSTITUTE H.B. 1651, 63rd Leg., Reg. Sess. (Wash. 2014). RCW 13.50.260 requires the court to schedule an administrative hearing to seal records and "hold regular sealing hearings." But for records predating the 2014 amendments, the legislature retained the requirement that the payment of restitution in full to the victim is a condition precedent to sealing juvenile offender records for a class B or class C gross misdemeanor or misdemeanor adjudication. Former RCW 13.50.260(4)(b)(v) (2014).

In 2015, the legislature amended chapter 13.50 RCW and again retained the mandatory obligation to pay full restitution to the victim as a condition precedent to sealing juvenile offender records for a class B or class C gross misdemeanor or misdemeanor. ENGROSSED SECOND SUBSTITUTE S.B. 5564, 64th Leg., Reg. Sess. (Wash. 2015); RCW 13.50.260(4)(b)(v). As amended, RCW 13.50.260(4)(b)(v) states:

> The court shall grant any motion to seal records for class B, class C, gross misdemeanor, and misdemeanor offenses and diversions made under subsection (3) of this section if . . . [t]he person has paid the full amount of restitution owing to the individual victim named in the restitution order,

---

[6] See also former RCW 13.50.050(12)(c) (requiring the court to grant a motion to seal records of a vacated deferred disposition in certain circumstances but only "if restitution has been paid and the person is eighteen years of age or older at the time of the motion") (emphasis added); former RCW 13.50.050(17)(a)(i)(E) (providing for the automatic destruction of juvenile records in certain circumstances including if "[t]here is no restitution owing in the case") (emphasis added).

excluding restitution owed to any insurance provider authorized under Title 48 RCW.[7]

Hamedian relies heavily on State v. Gossage, 165 Wn.2d 1, 195 P.3d 525 (2008), to argue that because the restitution order is unenforceable as a money judgment under former RCW 13.40.192, the court cannot require payment of full restitution as a condition precedent to sealing his juvenile offender records under former 13.50.050(12)(b). Gossage is distinguishable.

In Gossage, the Washington State Supreme Court addressed whether Gossage was entitled to a certificate of discharge under RCW 9.94A.637 of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, even though he did not pay his legal and financial obligations. Gossage, 165 Wn.2d at 6. RCW 9.94A.637(1)(a) states the court shall issue a certificate of discharge "[w]hen an offender has completed all requirements of the sentence, including any and all legal financial obligations."[8] The

---

[7] The 2015 amendments also added a subsection to former RCW 13.40.192. ENGROSSED SECOND SUBSTITUTE S.B. 5564, 64th Leg., Reg. Sess. (Wash. 2015). RCW 13.40.192(2) states:

> A respondent under obligation to pay legal financial obligations other than restitution, the victim penalty assessment set forth in RCW 7.68.035, or the crime laboratory analysis fee set forth in RCW 43.43.690 may petition the court for modification or relief from those legal financial obligations and interest accrued on those obligations for good cause shown, including inability to pay. The court shall consider factors such as, but not limited to incarceration and a respondent's other debts, including restitution, when determining a respondent's ability to pay.

(Emphasis added.)

[8] Emphasis added.

court held that under the plain language of RCW 9.94A.760(4),[9] absent a timely motion to extend, legal and financial obligations imposed for an offense committed prior to July 1, 2000 expire and are no longer enforceable 10 years after release from confinement. Gossage, 165 Wn.2d at 7. Because Gossage "no longer ha[d] any [legal financial obligation]s," the court held Gossage was entitled to a certificate of discharge under RCW 9.94A.637. Gossage, 165 Wn.2d at 8.

A certificate of discharge under the SRA and an order sealing a juvenile record under chapter 13.50 RCW are governed by different statutory schemes and result in different consequences.

A certificate of discharge restores all civil rights lost by operation of law as a result of a conviction. RCW 9.94A.637(5); State v. Donaghe, 172 Wn.2d 253, 262, 256 P.3d 1171 (2011). However, a certificate of discharge does not result in sealing the criminal records of an adult offender. See RCW 9.94A.637(5).

The JJA protects juvenile offenders " 'against [the] consequences of adult conviction such as the loss of civil rights, [and] the use of adjudication against him in subsequent proceedings.' " Munroe v. Soliz, 132 Wn.2d 414, 420-21, 939 P.2d 205 (1997)[10] (quoting Kent v. United States, 383 U.S. 541, 557, 86 S. Ct. 1045, 16 L. Ed. 2d

---

[9] RCW 9.94A.760(4) provides, in pertinent part:
All other legal financial obligations for an offense committed prior to July 1, 2000, may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later. Prior to the expiration of the initial ten-year period, the superior court may extend the criminal judgment an additional ten years for payment of legal financial obligations including crime victims' assessments. All other legal financial obligations for an offense committed on or after July 1, 2000, may be enforced at any time the offender remains under the court's jurisdiction. For an offense committed on or after July 1, 2000, the court shall retain jurisdiction over the offender, for purposes of the offender's compliance with payment of the legal financial obligations, until the obligation is completely satisfied.
[10] Alterations in original.

84 (1966)). If the court grants a motion to seal, "the proceedings in the case shall be treated as if they never occurred, and the subject of the records may reply accordingly to any inquiry about the events, records of which are sealed." Former RCW 13.50.050(14)(a).[11] Further, Washington law permits the State to "destroy all juvenile records . . . while an adult conviction is permanently engraved on the defendant's record." Soliz, 132 Wn.2d at 421.

Hamedian also claims the decision in Gossage requires the court to treat a juvenile offender in the same manner as an adult offender under the SRA. We disagree.

There is a fundamental difference between the SRA and the JJA. State v. Saenz, 175 Wn.2d 167, 172-73, 283 P.3d 1094 (2012). While the paramount purpose of the SRA is punishment, the JJA seeks to hold juveniles accountable and foster reintegration into society. S.J.C., 90355-7, slip op. at 15-16. Two of the stated purposes of the JJA are to "promot[e] accountability in juvenile offenders and provid[e] restitution to crime victims." State v. A.M.R., 147 Wn.2d 91, 95, 51 P.3d 790 (2002) (citing RCW 13.40.010(2)(c), (h)); see also RCW 9.94A.010; State v. Bennett, 92 Wn. App. 637, 641, 963 P.2d 212 (1998). RCW 13.40.010(2) states, in pertinent part:

> It is the intent of the legislature that a system capable of having primary responsibility for, being accountable for, and responding to the needs of youthful offenders and their victims, as defined by this chapter, be established. It is the further intent of the legislature that youth, in turn, be held accountable for their offenses and that communities, families, and the

---

[11] However, a subsequent juvenile offense can nullify the order to seal. Former RCW 13.50.050(16) states:
> Any adjudication of a juvenile offense or a crime subsequent to sealing has the effect of nullifying the sealing order. Any charging of an adult felony subsequent to the sealing has the effect of nullifying the sealing order for the purposes of chapter 9.94A RCW. The administrative office of the courts shall ensure that the superior court judicial information system provides prosecutors access to information on the existence of sealed juvenile records.

juvenile courts carry out their functions consistent with this intent. To effectuate these policies, the legislature declares the following to be equally important purposes of this chapter:

. . . .

(h) Provide for restitution to victims of crime.

Unlike the SRA, the JJA provides additional protections for juveniles.

For example, juvenile courts have far more discretion to order alternative sentences, such as diversion agreements in lieu of prosecution, community supervision, and individualized programs involving employment, education, or treatment. See, e.g., RCW 13.40.080, .0357 ("Option B, Suspended Disposition Alternative"); .020(4). In juvenile court, convicted offenders cannot be confined past the age of 21. RCW 13.40.300. Juvenile offenses are not generally considered crimes, so a juvenile cannot be convicted of a felony. RCW 13.04.240; In re Pers. Restraint of Frederick, 93 Wn.2d 28, 30, 604 P.2d 953 (1980). . . . There are limitations on the use of juvenile records and the length of time they will be made public. See RCW 13.50.050.

Saenz, 175 Wn.2d at 173.[12]

For as long as there have been juvenile courts in Washington, the legislature has treated juvenile records as different from adult records. S.J.C., 90355-7, slip op. at 10. "The legislature has always treated juvenile court records as distinctive and as deserving of more confidentiality than other types of records." S.J.C., 90355-7, slip op. at 10. A motion to seal juvenile offender records is unique to the JJA. The requirement to pay full restitution as a condition precedent to obtaining an order to seal gives effect "to the juvenile courts' rehabilitative purpose while maintaining public accountability and safety." S.J.C., 90355-7, slip op. at 29.

The need for confidentiality in this context is substantial, both for the subject of the juvenile court record and for the juvenile courts' purpose of preventing adult recidivism. . . .

. . . .

---

[12] Because Hamedian cannot show he is similarly situated to an adult offender under the SRA, his equal protection argument fails. "[N]o equal protection claim will stand unless the complaining person can first establish that he or she is similarly situated with other persons." State v. Handley, 115 Wn.2d 275, 289-90, 796 P.2d 1266 (1990).

11

Weighed against this need for confidentiality are the needs for public safety and oversight, which are amply provided for in former RCW 13.50.050 and related statutes. To protect public safety, juvenile court records are not sealed immediately upon disposition. Former RCW 13.50.050(12)(b)(i). The former juvenile offender must demonstrate rehabilitation and restitution. Id. at (12)(b)(i)-(v).

S.J.C., 90355-7, slip op. at 29, 31.

Because Hamedian did not pay restitution in full under former RCW 13.50.050(12)(b)(v), we affirm the order denying the motion to seal his juvenile offender records.

Schindler, J.

WE CONCUR:

Leach, J.

Becker, J.