# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49039-1-II |
| Respondent, | |
| v. | |
| ELIJAH ISAIAH COFIELD, | Consolidated with |
| Appellant. | |
| STATE OF WASHINGTON, | No.  49042-1-II |
| Respondent, | |
| v. | |
| DEREK MATTHEW JETER, | PUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Elijah Isaiah Cofield and Derek Matthew Jeter are juvenile offenders. In accordance with RCW 13.50.260, the juvenile court set an administrative record-sealing hearing.  At the hearing, the State argued that neither Cofield nor Jeter was eligible for record sealing because they had not completed the terms and conditions of their dispositions.  The juvenile court commissioner did not seal either Cofield's or Jeter's juvenile court records and did not set contested record-sealing hearings.  Cofield and Jeter filed motions to revise the commissioner's rulings, arguing that they were entitled to contested hearings.  A superior court judge denied the motions to revise.

We hold that the plain language of RCW 13.50.260(1)[1] requires that a juvenile offender receive a contested record-sealing hearing when the juvenile court receives any objection to his record being sealed at the administrative record-sealing hearing. Accordingly, we reverse the superior court's orders denying Cofield's and Jeter's motions to revise and remand to the juvenile court for contested record-sealing hearings.

## FACTS

### I. PROCEDURAL FACTS

In March 2013, the State charged Cofield with several crimes. The juvenile court found Cofield guilty upon stipulated facts and granted him a deferred disposition. The juvenile court later entered an amended disposition order and set an administrative record-sealing hearing, as required by RCW 13.50.260. A condition of Cofield's disposition required that he pay $2,929.14 in restitution.

Similarly, the State charged Jeter with two crimes in July 2014. Jeter entered an *Alford* plea.[2] The juvenile court entered a disposition order and required that Jeter write a letter of apology to the victim involved in his charges and complete 30 hours of community service as conditions of his disposition. At the disposition hearing, the juvenile court also set a RCW 13.50.260 administrative record-sealing hearing.

At Cofield's and Jeter's administrative record-sealing hearings, the State argued that neither Cofield nor Jeter was eligible to have their records sealed because they had not

---

[1] The legislature amended RCW 13.50.260(1) in 2015. LAWS OF 2015, ch. 265, § 3. This amendment did not alter the statute in any way relevant to this case; accordingly, we cite the current versions of the statute.

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

completed the terms and conditions of their dispositions. The State noted that Cofield had not paid all restitution and that Jeter had neither completed his community service requirement nor written a letter of apology. Cofield and Jeter argued that the State's comments were objections to the administrative sealing of their juvenile court records, which required the court to set contested record-sealing hearings under RCW 13.50.260(1). Cofield and Jeter also moved to set the matter for contested record-sealing hearings. The juvenile court commissioner ordered that neither Cofield's nor Jeter's records be sealed and denied Cofield's and Jeter's motions for a contested hearing.

Cofield and Jeter each filed motions to revise the juvenile court commissioner's rulings. A superior court judge denied Cofield's and Jeter's motions to revise, determining that they were ineligible for the contested record-sealing hearing. Cofield and Jeter appeal.[3]

## II. HISTORY OF SEALING JUVENILE OFFENDERS' RECORDS

In 1977, the Washington legislature passed the Juvenile Justice Act of 1977 (JJA). LAWS OF 1977, 1st Ex. Sess., ch. 291. The JJA constituted a significant restructuring of the juvenile justice system and "changed the philosophy and methodology of addressing the personal and societal problems of juvenile offenders." *State v. Lawley*, 91 Wn.2d 654, 659, 591 P.2d 772 (1979). The JJA sought to protect juvenile offenders "'against [the] consequences of adult conviction such as the loss of civil rights, [and] the use of adjudication against him in subsequent proceedings.'" *State v. Hamedian*, 188 Wn. App. 560, 569, 354 P.3d 937 (2015) (alterations in original) (internal quotation marks omitted) (quoting *Munroe v. Soliz*, 132 Wn.2d 414, 420-21, 939 P.2d 205 (1997)).

---

[3] We allowed Columbia Legal Services and TeamChild to submit briefing as amicus curiae.

"The legislature has always treated juvenile court records as distinctive and as deserving of more confidentiality than other types of records." *State v. S.J.C.*, 183 Wn.2d 408, 417, 352 P.3d 749 (2015). Additionally, the JJA has historically provided a mechanism for juvenile offenders to have their records sealed. *State v. J.C.*, 192 Wn. App. 122, 128, 366 P.3d 455 (2016). The legislature designed this mechanism for sealing juvenile court records specifically so that juvenile offenders can overcome prejudice and reintegrate into society. *See* LAWS OF 1977, 1st Ex. Sess., ch. 291, § 12.

Until 2014, the JJA provided that juvenile offenders must file a motion to seal their records. *See* former RCW 13.50.050(12) (2012). In 2014, the legislature amended and recodified the JJA's provisions regarding juvenile court record sealing in RCW 13.50.260. LAWS OF 2014, ch. 175, §§ 3-5. In passing RCW 13.50.260, the legislature placed responsibility on the juvenile court, instead of the juvenile offender, to initiate the sealing of juvenile court records. *Compare* LAWS OF 2014, ch. 175, §§ 3-5, *with* former RCW 13.50.050(12) (2012).

ANALYSIS

I. RCW 13.50.260(1)

Cofield and Jeter argue that the superior court erred in denying their motions to revise because the plain language of RCW 13.50.260(1) requires that a juvenile court hold a contested record-sealing hearing upon any objection to the court sealing a juvenile offender's record. We agree.

We generally review a superior court's decision regarding the sealing of records for an abuse of discretion. *State v. Richardson*, 177 Wn.2d 351, 357, 302 P.3d 156 (2013). However, "application of an incorrect legal analysis or other error of law can constitute abuse of

4

discretion." *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). The proper inquiry here is whether RCW 13.50.260(1) required the juvenile court to hold contested record-sealing hearings. As a result, we must interpret RCW 13.50.260(1).

Interpretation of a statute is a question of law we review de novo. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). The primary goal of statutory interpretation is to discern and implement the legislature's intent. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). In interpreting a statute, we first look to the plain language of the statute. 160 Wn.2d at 110. To determine the plain meaning of a statute, we look at the context of the statute, related provisions, and the statutory scheme as a whole. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005).

If the statutory language is subject to more than one reasonable interpretation, it is ambiguous. *State v. Conover*, 183 Wn.2d 706, 711-12, 355 P.3d 1093 (2015). However, if the statute is unambiguous, we must give effect to its plain meaning as an expression of legislative intent. *Hamedian*, 188 Wn. App. at 563. We cannot add or delete words to an unambiguous statute. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). Instead, "Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." 149 Wn.2d at 450 (internal quotation marks omitted) (quoting *Davis v. Dept't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999)).

RCW 13.50.260(1) provides:

(a) The court shall hold regular sealing hearings. During these regular sealing hearings, the court shall administratively seal an individual's juvenile record pursuant to the requirements of this subsection unless the court receives an objection to sealing or the court notes a compelling reason not to seal, in which case, the court *shall* set a contested hearing to be conducted on the record to address sealing. . . . The contested hearing shall be set no sooner than eighteen

5

days after notice of the hearing and the opportunity to object has been sent to the juvenile, the victim, and juvenile's attorney. The juvenile respondent's presence is not required at a sealing hearing pursuant to this subsection.

. . . .

(c) A court shall enter a written order sealing an individual's juvenile court record pursuant to this subsection if:

(i) One of the offenses for which the court has entered a disposition is not at the time of commission of the offense:

(A) A most serious offense, as defined in RCW 9.94A.030;

(B) A sex offense under chapter 9A.44 RCW; or

(C) A drug offense, as defined in RCW 9.94A.030; and

(ii) The respondent has completed the terms and conditions of disposition. . . .

(Emphasis added.)

Under RCW 13.50.260(1)(b), the juvenile court must schedule an administrative record-sealing hearing at a juvenile's disposition hearing. RCW 13.50.260(1)(a) clearly states that the juvenile court "shall" seal the juvenile's court record at the administrative record-sealing hearing unless "the court receives an objection to sealing or the court notes a compelling reason not to seal." If the juvenile court receives an objection or notes a compelling reason not to seal a juvenile offender's record, the statue provides that "the court *shall* set a contested hearing to be conducted on the record to address sealing." RCW 13.50.260(1)(a) (emphasis added).

RCW 13.50.260(1) makes clear that the legislature intended that juvenile courts seal all juvenile offenders' records unless certain exceptions apply. RCW 13.50.260(1) creates a presumption that the juvenile court will seal a juvenile offender's court record at the administrative record-sealing hearing. To overcome this presumption, there must be an objection or the juvenile court must note a compelling reason not to seal the record. If there is such an objection, the juvenile court shall set a contested record-sealing hearing. RCW 13.50.260(1)(a).

No. 49039-1-II;
Cons. wi No. 49042-1-II

As a result, it is clear that the plain language of RCW 13.50.260(1) requires that the juvenile court set a contested record-sealing hearing upon any objection to a juvenile offender's record being sealed, including an objection because the juvenile has not completed the conditions of his disposition order. Accordingly, RCW 13.50.260 is subject to only one meaning and is unambiguous.[4]

The State argues that the plain language of RCW 13.50.260(1) provides that a juvenile offender may have a contested record-sealing hearing only when their case is eligible to be sealed. Specifically, the State argues that RCW 13.50.260(1)(c) provides eligibility requirements that must be met before a juvenile offender may have a contested record-sealing hearing.

RCW 13.50.260(1)(c) lists a number of circumstances that prevent the juvenile court from sealing a juvenile offender's record. These circumstances arise when a juvenile offender commits a most serious offense, a sex offense, or a drug offense, and when a juvenile offender has not completed the terms and conditions of his disposition. RCW 13.50.260(1)(c). Because a juvenile's record will be sealed at an administrative record-sealing hearing absent an objection or a compelling reason not to seal the record, a party must object or the juvenile court must note when one of the RCW 13.50.260(1)(c) circumstances prevents sealing. If one of the RCW 13.50.260(1)(c) circumstances exists or there is an objection or the juvenile court notes a

_____

[4] Because RCW 13.50.260(1) is unambiguous, we need not look to its legislative history to discern legislative intent. *See State v. Armendariz*, 160 Wn.2d at 110-11. However, we note that the legislative history of RCW 13.50.260(1) supports our interpretation that a contested record-sealing hearing is required for *any* objection to sealing a juvenile's court record. 2015 FINAL LEGISLATIVE REPORT, 64th Wash. Leg., at 234 ("Courts are allowed to modify juvenile restitution amounts at any time, including the time of a contested record-sealing hearing for good cause shown, including inability to pay.").

7

compelling reason not to seal the record, the statute requires the juvenile court to set a contested hearing to determine whether sealing is appropriate. RCW 13.50.260(1)(a).

The State's interpretation of RCW 13.50.260(1) is contrary to the plain language of the statute. RCW 13.50.260(1) does not state that a juvenile offender must be eligible for record sealing in order for a contested record-sealing hearing to be set and does not state that a juvenile offender who has not completed the conditions of his disposition order is not entitled to a contested hearing. Such a reading would require this court to add words to an unambiguous statute, and we decline to do so here. Moreover, reading RCW 13.50.260(1)(c) as eligibility requirements for juvenile record-sealing, as the State suggests, would render RCW 13.50.260(1)(a) meaningless as that provision creates a presumption that a juvenile offender's record will be sealed at an administrative hearing absent an objection or compelling reason not to seal.[5] Stated another way, accepting the State's contention eliminates the presumption that a juvenile's court record will be sealed.[6]

---

[5] Again, while we do not look to legislative history to determine the legislature's intent in passing RCW 13.50.260(1), we note that such history supports our conclusion that RCW 13.50.260(1) creates a presumption that a juvenile offender's court records will be sealed. When it amended 13.50 RCW in 2014, the legislature stated that "[t]he primary goal of the Washington state juvenile justice system is the rehabilitation and reintegration of former juvenile offenders." LAWS OF 2014, ch. 175, § 1(1). The legislature also found that juvenile court records should be closed because "[w]hen juvenile court records are publicly available, former juvenile offenders face substantial barriers to reintegration, as they are denied housing, employment, and education opportunities on the basis of these records." LAWS OF 2014, ch. 175, § 1(1).

[6] The State also argues that requiring a contested record-sealing hearing for any objection to sealing a juvenile's court record would lead to futile court proceedings. While requiring a contested record-sealing hearing when RCW 13.50.260(1)(c) circumstances apply may lead to more hearings in juvenile court, we determine that the interests in protecting juveniles' confidentiality, allowing juveniles to overcome prejudice, and reintegrating juvenile offenders into society outweigh this concern.

We hold that the plain language of RCW 13.50.260(1) requires that a juvenile offender receive a contested record-sealing hearing upon any objection to his record being sealed at a regular administrative record-sealing hearing. As a result, the superior court erred in denying Cofield's and Jeter's motions to revise the juvenile court commissioner's rulings. The State objected to the sealing of Cofield's and Jeter's juvenile court records because neither Cofield nor Jeter completed the conditions of their disposition orders. Consequently, Cofield and Jeter are each entitled to contested record-sealing hearings.

## II. APPELLATE COSTS

Cofield and Jeter ask that we refrain from awarding appellate costs against them because they are both indigent. Because we reverse the superior court's orders denying Cofield's and Jeter's motions to revise the juvenile court commissioner's rulings, neither Cofield nor Jeter will owe costs.

## CONCLUSION

We reverse the superior court's orders denying Cofield's and Jeter's motions to revise the juvenile court commissioner's rulings and remand to the juvenile court for contested record-sealing hearings.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Maxa, J.

9