# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50492-8-II |
| Respondent, | |
| v. | |
| PHILLIP J. OGLE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Phillip J. Ogle appeals the superior court's order denying his motion to seal his juvenile court records.  Ogle argues that the trial court erred when it determined that it did not have discretion to seal his juvenile records under RCW 13.50.260(4)(a).  The State concedes error.  We accept the State's concession, reverse the trial court's order denying Ogle's motion, and remand for further proceedings.

## FACTS

In 1997, Ogle pleaded guilty in juvenile court to a class A criminal offense.  Ogle was 16 years old at the time of his plea.  Twenty-one years later, Ogle satisfied every condition of his 1997 disposition, paid all required restitution, and had not acquired additional charges or convictions.

On February 24, 2017, Ogle filed a motion requesting that the superior court seal his juvenile court records.  Ogle argued that the superior court had jurisdiction to seal his records under RCW 13.50.260(4)(a) because the statute grants the superior court discretionary authority to determine whether to seal a juvenile offender's court records.  The State agreed.  The superior

court denied Ogle's motion. The superior court reasoned that RCW 13.50.260(4)(a) required the court to grant a motion to seal a juvenile's court records when the juvenile offender met every requirement listed in RCW 13.50.260(4)(a). However, Ogle had been convicted of an offense that was not subject to mandatory sealing under RCW 13.50.260(4)(a). The superior court ruled that because Ogle's offense was not subject to mandatory sealing under RCW 13.50.260(40(a), the court did not have authority to seal Ogle's juvenile records. Ogle appeals.

ANALYSIS

Statutory interpretation is a question of law we review de novo. *State v. Hayes*, 182 Wn.2d. 556, 560, 342 P.3d 1144 (2015). The purpose of statutory interpretation is to discern and implement the legislature's intent. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). When interpreting the legislature's intent, we first look to the plain language of the statute. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). To determine the plain language of a statute, we consider the "'text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole.'" *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015) (quoting *Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.*, 182 Wn.2d 342, 350, 340 P.3d 849 (2015)).

If the statutory language is subject to more than one reasonable interpretation, the statute is ambiguous. *Conover*, 183 Wn.2d at 711-12. However, if the statute is unambiguous, we must give effect to its plain meaning as an expression of legislative intent. *State v. Hamedian*, 188 Wn. App. 560, 563, 354 P.3d 937 (2015).

RCW 13.50.260(4)(a) provides:

The court *shall grant* any motion to seal records for class A offenses . . . if:
    (i) Since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent five consecutive years in the community without committing any offense or crime that subsequently results in an adjudication or conviction;
    (ii) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;
    (iii) No proceeding is pending seeking the formation of a diversion agreement with that person;
    (iv) The person is no longer required to register as a sex offender under RCW 9A.44.130 or has been relieved of the duty to register under RCW 9A.44.143 if the person was convicted of a sex offense;
    (v) The person has not been convicted of rape in the first degree, rape in the second degree, or indecent liberties that was actually committed with forcible compulsion; and
    (vi) The person has paid the full amount of restitution owing to the individual victim named in the restitution order, excluding restitution owed to any insurance provider authorized under Title 48 RCW.

(Emphasis added.)

Thus, under RCW 13.50.260(4)(a), a superior court is required to grant a motion to seal a juvenile offender's court records when the statutory conditions are met. However, RCW 13.50.260(4)(a) discusses only when a court is *required* to grant a motion to seal a juvenile's records. The statute does not say that a court is *prohibited* from sealing juvenile court records when the conditions requiring sealing are not met. The plain language of RCW 13.50.260(4)(a) does not prohibit the superior court from granting a motion to seal juvenile court records under any given circumstances. The superior court maintains authority to exercise its jurisdiction consistent with GR 15(c). Under GR 15(c)(1), a party in a juvenile proceeding may request a hearing to seal court records. After the hearing, the court may order that the juvenile's court records "be sealed or redacted if the court makes and enters written findings that the specific

3

No. 50492-8-II

sealing or redacting is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record." GR 15(c)(2).

We accept the State's concession that the superior court erred when it determined that it did not have the statutory authority to seal Ogle's juvenile court records. We reverse the trial court's order denying Ogle's motion to seal his juvenile court records, and we remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, C.J.

Sutton, J.