IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39046-2-III |
| Respondent | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| D.G.A. | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — D.G.A. seeks an order of discharge of his juvenile court order of disposition and the sealing of juvenile court records. Because D.G.A. has yet to pay all restitution owed for the offense, we affirm, pursuant to RCW 13.50.260, the superior court's denial of the two requests.

## FACTS

D.G.A was born August 25, 1983. On September 22, 1999, D.G.A., then sixteen years old, pled guilty to one count of trafficking in stolen property in the first degree, a class B felony. The juvenile court imposed a standard-range disposition with no confinement time and $932 in restitution.

On September 25, 2000, the juvenile court filed a "Notice of Case Closure," which read in part that, although D.G.A. had not fully paid the restitution, the court's

No. 39046-2-III
*State v. D.G.A.*

jurisdiction had expired because of D.G.A's reaching the age of majority. The notice

stated:

> The financial obligations of the case shall remain open until: Ten years from respondent's 18th birthday, which is August 25, 2011.

Clerk's Papers (CP) at 24.

On December 19, 2002, the court clerk entered a judgment for the outstanding

restitution. The judgment stated:

> THIS MATTER having come before the court by Kenneth O. Kunes, Grant County Clerk, pursuant to RCW 13.40.192; the defendant having attained the age of eighteen (18) on 8/25/01, the defendant owes legal financial obligations, including restitution, in the amount of $613.74; now, therefore it is hereby:
> ORDERED, ADJUDGED AND DECREED that a judgment be entered against the above-named defendant in the amount of $613.74, which reflects the outstanding legal financial obligations balance ordered to be paid by the defendant in Juvenile Court proceedings under this cause number.

CP at 28. We assume that D.G.A. had paid $318.26 of restitution by December 2002.

PROCEDURE

Nineteen years later, on December 3, 2021, D.G.A. filed, pursuant to

RCW 13.50.260, a motion to seal his juvenile records. Thereafter, he also filed a petition

for certificate and order of discharge. D.G.A. argued that he was entitled to have his

juvenile record sealed and receive a certificate and order of discharge because he had

completed all the requirements of the court's disposition order. He contended that he was

2

not required to pay the outstanding restitution balance, as a prerequisite for sealing and a discharge, because the juvenile court's jurisdiction to enforce restitution had expired.

The superior court entertained D.G.A's motions on February 28, 2022. D.G.A did not appear at the hearing. The State argued that the court should deny D.G.A.'s motions because he still owed $613.74 in restitution. The trial court struck the hearing because D.G.A failed to appear and because this court had already dismissed a related appeal as untimely. The superior court may have also agreed with the State on the merits. The court entered an order denying both the motion to seal and to discharge.

LAW AND ANALYSIS

On appeal, D.G.A. contends that the Juvenile Justice Act permits the sealing of juvenile court records even when the defendant owes restitution to a victim, provided the juvenile court's jurisdiction to enforce the restitution order has expired. We disagree.

RCW 13.50.260 controls D.G.A's appeal. Subsection (1) of the statute declares in part:

> (d) At the time of the scheduled administrative sealing hearing, the court *shall* enter a written order sealing the respondent's juvenile court record pursuant to this subsection if the court finds by a preponderance of the evidence that the respondent is no longer on supervision for the case being considered for sealing and *has paid the full amount of restitution owing to the individual victim named in the restitution order. . . .*
> . . . .
> (f)(i) During the administrative sealing hearing, if the court finds the respondent is no longer on supervision for the case considered for sealing, *but the respondent has not paid the full amount of restitution owing to the*

3

> *individual victim named in the restitution order. . . the court shall deny sealing the juvenile record in a written order.*

(Emphasis added.)

We analyze the meaning of statutes by first examining the plain language of the relevant statute. *Birgen v. Department of Labor & Industries*, 186 Wn. App. 851, 858, 347 P.3d 503 (2015) (citation omitted). When the words of the statute ring clear and unambiguous, we should derive legislative intent solely from the statute's language. *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001). If legislative intent remains unclear, we may consider "the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (internal citations omitted).

Both subsections (1)(d) and (1)(f) of RCW 13.50.260 insert the word "shall" when directing the superior court to deny the request to seal if restitution remains owed. Use of the word "shall" in the statute "imposes a mandatory requirement unless a contrary legislative intent is apparent." *Erection Co. v. Department of Labor & Industries*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993) (citation omitted). Thus, RCW 13.50.260(1) prohibits sealing juvenile records when the offender owes restitution to an individual victim.

In sidestepping the plain language of RCW 13.50.260, D.G.A. argues that other provisions of the Juvenile Justice Act must be considered to achieve a harmonious and

unified statutory scheme that maintains the integrity of the respective statutes. He cites

*In re Personal Restraint of Brady*, 154 Wn. App. 189, 193, 224 P.3d 842 (2010) for this

proposition. Nevertheless, we need not analyze RCW 13.50.260(1) through the lens of

related statutory provisions because the statute remains unambiguous. We must apply the

statute's plain meaning as an expression of legislative intent without considering other

sources of such intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014).

D.G.A. conflates the juvenile court's jurisdiction to enforce a restitution order with

its ministerial duty to seal a respondent's juvenile record. He contends that, since the

court's jurisdiction ended when he reached majority, the court lacks jurisdiction to

enforce the restitution order. In turn, the absence of authority to enforce the order

requires the court to seal the record from the public.

*State v. Hamedian*, 188 Wn. App. 560, 567, 354 P.3d 937 (2015) defeats D.G.A.'s

contention regarding jurisdiction. Arash Hamedian sought to seal his juvenile record

under former RCW 13.40.192 before fully paying restitution to the victim. In rejecting

this argument, the court explained:

> While the restitution order is no longer enforceable as a money
> judgment under former RCW 13.40.192, the plain and unambiguous
> language of former RCW 13.50.050(12)(b)(v) clearly mandates payment of
> restitution in full as a condition precedent to obtaining an order to seal
> juvenile offender records.

*State v. Hamedian*, 188 Wn. App. at 561-62. The same reasoning applies to the statutory

successor, RCW 13.50.260(1).

No. 39046-2-III
*State v. D.G.A.*

We recognize that a juvenile adjudication acts as a scarlet letter, with collateral consequences including the denial of housing, employment, and education opportunities. Laws of 2014, ch. 175, § 1(1); *see also* Leila R. Siddiky, *Note, Keep the Court Room Doors Closed So the Doors of Opportunity Can Remain Open: An Argument for Maintaining Privacy in the Juvenile Justice System*, 55 How. L.J. 205, 232 (2011). In turn, the Washington legislature has "treated juvenile court records as distinctive and as deserving of more confidentiality than other types of records." *State v. S.J.C.*, 183 Wn.2d 408, 417, 352 P.3d 749 (2015). Nevertheless, RCW 13.50.260(1) eclipses D.G.A.'s policy argument.

## CONCLUSION

We affirm the superior court's decision denying D.G.A.'s motion to discharge and seal his juvenile records.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____       _____
Lawrence-Berrey, C.J.                              Cooney, J

6