# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55172-1-II |
| Respondent, | |
| v. | |
| A.L.R.H., | PUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — A.L.R.H.[1] appeals his adjudication for possession of 40 grams or less of marijuana while under 21 years of age. A.L.R.H. argues that his adjudication should be vacated in light of the Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). We agree, reverse the adjudication, and remand to the juvenile court to vacate the adjudication.

## FACTS

On February 5, 2020, the State charged A.L.R.H. with one count of violation of the uniformed controlled substances act—possession of 40 grams or less of marijuana while under 21 years of age. A.L.R.H. was found guilty at a stipulated trial.

A.L.R.H. appeals.

---

[1] We use initials to protect the privacy of the juvenile involved. Gen. Order 2018-2 of Division II, *In re Changes to Case Title* (Wash. Ct. App.), http://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2018-2&div=II

ANALYSIS

A.L.R.H. argues that his adjudication for possession of 40 grams or less of marijuana while under the age of 21 must be vacated because the possession statute under which he was found guilty is unconstitutional and void following the Supreme Court's holding in *Blake*. The State argues that *Blake* does not apply here because possession of 40 grams or less of marijuana while under the age of 21 carries a less severe punishment than the statute that was held unconstitutional in *Blake*. The State's argument fails because our Supreme Court in *Blake* did not hold that the statute was unconstitutional because of the severity of the punishment; rather, our Supreme Court held the possession of a controlled substance statute unconstitutional because the statute "criminalize[d] innocent and passive possession" of controlled substances. 197 Wn.2d at 195.

A conviction based on a void statute is invalid. *See In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004) ("Where a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face."). Convictions based on unconstitutional statutes must be vacated. *See Blake*, 197 Wn.2d at 195 (vacating conviction based on unconstitutional drug possession statute).

In *Blake*, our Supreme Court concluded that the strict liability drug statute, former RCW 69.50.4013(1) (2017), was void because it "criminalize[d] innocent and passive possession" of controlled substances and thus violated the due process clauses of the state and federal constitutions. *Id*. *Blake* held that it was not possible for the court to avoid the constitutional issue by interpreting the statute "as silently including an intent element" because the Supreme Court had previously held that the legislature intended drug possession to be a strict liability felony. *Id*. at 174.

Former RCW 69.50.4014 (2015) provided that "any person found guilty of possession of forty grams or less of marijuana is guilty of a misdemeanor." Following the Supreme Court's decision in *Blake*, the legislature amended RCW 69.50.4014 to provide that "any person found guilty of *knowing* possession of forty grams or less of marijuana is guilty of a misdemeanor." LAWS OF 2021, ch. 311, § 10 (emphasis added). When the legislature "chang[es] the language of a statute, the Legislature is presumed to intend a change in the law." *State v. Carlson*, 65 Wn. App. 153, 158, 828 P.2d 30, *review denied*, 119 Wn.2d 1022 (1992).

Here, A.L.R.H. was adjudicated under former RCW 69.50.4014, which provided that "any person found guilty of possession of forty grams or less of marijuana is guilty of a misdemeanor." This statute, like the statute held unconstitutional in *Blake*, did not contain an element of intent, and thus it "criminalize[d] innocent and passive possession" of controlled substances. 197 Wn.2d at 195.

Like the statute that was held unconstitutional in *Blake*, former RCW 69.50.4014 cannot be read "as silently including an intent element" because the legislature amended RCW 69.50.4014 to include that intent element shortly after the Supreme Court's decision in *Blake*. 197 Wn.2d at 174; LAWS OF 2021, ch. 311, § 10. Had the statute already included an element of intent, the legislature would not have needed to add the word "knowing." *See Carlson*, 65 Wn. App. at 158 (legislature is presumed to intend a change in the law when it changes the language of a statute).

Because former RCW 69.50.4014 did not include an element of intent, silent or otherwise, it "criminalize[d] innocent and passive possession" of controlled substances and, thus, violated the due process clauses of the state and federal constitutions. *Blake*, 197 Wn.2d at 195. Therefore, former RCW 69.50.4014 is unconstitutional and void, and it cannot support A.L.R.H.'s

adjudication. *See Hinton*, 152 Wn.2d at 857. Because convictions based on unconstitutional statutes must be vacated, we reverse and remand to the juvenile court to vacate A.L.R.H.'s guilty adjudication.

Lee, C.J.

We concur:

Maxa, J.

Price, J.